935 F.2d 269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bernard DILLON, Plaintiff-Appellant,
v.
George WILSON, et al., Defendants-Appellees.
 No. 90-3266.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Bernard Dillon, the plaintiff, is an inmate incarcerated at the Ohio State Reformatory (OSR). He has filed a pro se action against three correctional employees alleging "cruel and unusual punishment." The district court granted summary judgment for the defendants. Dillon appeals from that decision. Because we find that summary judgment was properly granted, we affirm the district court.
 
 I.
 
 2
 Dillon accuses Veronica Russell, a prison guard at OSR, of pulling a chair out from beneath him, causing him to injure his back. He accuses George Wilson, director of corrections at OSR, and Eric Dahlberg, the warden of OSR, of subsequently denying him adequate medical care. The complaint does not specify in what capacity the defendants are being sued.
 
 
 3
 The three defendants filed a motion for summary judgment which the district court granted. The claim against Russell was dismissed because, the district court reasoned, even if she had pulled the chair out, the isolated incident did not rise to the level of an eighth amendment violation. The claim against the other two defendants was dismissed because, according to the district court, there was no evidence that they were personally involved in providing Dillon with medical care and these defendants had the right to rely on the professional opinion of the treating physician. Dillon appeals from the district court opinion.
 
 II.
 
 4
 Prison guard Russell is accused of pulling a chair out from underneath the plaintiff Dillon.[1] The district court held that even if this action occurred, it did not rise to the level of an eighth amendment violation. The cruel and unusual punishment clause is applicable to conditions of confinement. Whitley v. Albers, 475 U.S. 312 (1986). The unjustified infliction of bodily injury upon a prisoner by a correctional official can give rise to liability under 42 U.S.C. Sec. 1983. Franklin v. Aycock, 795 F.2d 1253 (6th Cir.1986).
 
 
 5
 The district court relies on the case of Johnson v. Glick, 481 F.2d 1028 (2nd Cir.), cert. denied, 414 U.S. 1033 (1973), to support the proposition that Russell's action could not rise to an eighth amendment violation. In Johnson, the plaintiff, a prison inmate, alleged that a prison officer "rushed into his holding cell, grabbed him by the collar and struck him twice on the head with something enclosed in the officer's fist...." Id. During the incident, the officer allegedly threatened to kill the inmate and denied the inmate adequate medical care. Id. at 1029-30. The Second Circuit held that the cruel and unusual punishment clause was inapplicable.[2] The court stated, "although a spontaneous attack by a guard is 'cruel' and, we hope, 'unusual,' it does not fit any ordinary concept of 'punishment.' " Id. at 1032.
 
 
 6
 An isolated incident like that allegedly committed by Russell does not rise to the level of an eighth amendment violation for two closely related reasons. First, a plaintiff in a prisoner's section 1983 suit must establish more than gross negligence. He must prove "conduct that shocks the conscience." Walker v. Norris, 917 F.2d 1449 (6th Cir.1990). While a reasonable jury might find that the alleged incident occurred, it could not find that it "shocks the conscience." Id. The alleged conduct is not serious enough to rise to an eighth amendment violation.
 
 
 7
 Second, Dillon has not alleged that the conduct was punishment under the eighth amendment. He has not alleged that the conduct was part of a pattern, or that other acts were also committed. Dillon simply fails to state a claim against the prison guard Russell.
 
 
 8
 Furthermore, recent cases from this circuit and the Supreme Court make clear that in the context of an inmate suit, substantive due process does not afford any more protection than the eighth amendment. Whitley v. Albers, 475 U.S. 312, 327 (1986). Although prior case law may have suggested that the standards were different, the law in this circuit is now clear. See Walker v. Norris, 917 F.2d 1449 (6th Cir.1990). The district court correctly dismissed this claim.
 
 III.
 
 9
 The claim against Director Wilson and Warden Dahlberg was correctly dismissed because they had no personal involvement in the medical treatment of the plaintiff. An affidavit was submitted by Brian Cain, health care administrator at the prison, outlining the treatment that Dillon had received. J.A. at 27. There is no evidence that Wilson and Dahlberg interfered in Dillon's medical treatment. Wilson and Dahlberg were entitled to rely on the diagnosis of the treating physician. Sires v. Berman, 834 F.2d 9, 13 (1st Cir.1987). The district court correctly determined that the plaintiff had failed to allege any claims against Wilson or Dahlberg.
 
 IV.
 
 10
 For the above stated reasons, the district court opinion is AFFIRMED.
 
 
 
 [1]
 Defendant Russell denies pulling a chair out from underneath the plaintiff Dillon
 
 
 [2]
 The Second Circuit in Johnson did decide that a substantive due process violation had been alleged. Substantive due process is dealt with hereafter in this opinion